IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARC GRANO, as Personal Representative
of the Estate of Rosalva Marin, ELEAZAR
MARIN, AMARA AARON, as Personal
Representative of the Estate of Laura Marin
Zamarippa, and ART BUSTOS, as Personal
Representative of the Estate of Alexis Zamarippa,

                Plaintiffs,

v.                                                                      Civ. No. 21-cv-0793 JHR/JFR

MICHELIN NORTH AMERICA, INC., and
DISCOUNT TIRE COMPANY OF NEW
MEXICO, INC.,

                Defendants.

## MEMORANDUM OPINION AND ORDER DENYING OPPOSED AMENDED MOTION FOR LEAVE TO FILE SURREPLY

THIS MATTER comes before the Court on Defendant Michelin North America, Inc.'s Opposed Amended Motion for Leave to File Sur-Reply to Plaintiff[s'] Reply in Support of [Their] Motion to Remand for Lack of Personal Jurisdiction [Doc. 28], filed October 8, 2021. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to the undersigned Magistrate Judge to conduct dispositive proceedings in this matter, including entering final judgment. [Doc. 16]. Having reviewed the parties' submissions and the applicable law, the Court denies the Motion.

Michelin filed this motion for leave to file surreply on October 8, 2021 [Doc. 28], seeking permission to respond to Plaintiffs' reply [Doc. 25] on their motion to remand [Doc. 17].

"Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189,

1

1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)). "Material" for these purposes includes new evidence and new legal arguments. *Id.* (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003)). A district court's decision to permit or deny a surreply is reviewed for abuse of discretion. *Id.*

Plaintiffs' reply addressed the forum-defendant rule, fraudulent joinder burden, warranty, and applicability of Texas law. [*See* Doc. 25]. As the basis for this Motion, Michelin only provided conclusory statements that "Plaintiffs' reply makes new arguments that were not contained in their original motion to remand" but did not identify the purported new arguments. [Doc. 28, p. 1]. It is not readily apparent that the Plaintiffs raised any new arguments or presented new evidence in their reply.[1] Furthermore, Defendants already presented extensive arguments on the fraudulent joinder burden, warranty, and applicability of Texas law in its response that the reply addressed. [*See* Doc. 21].[2] Because Michelin did not identify any new "material" in Plaintiff's reply that warrant granting a surreply, the Court denies the Motion.

**IT IS THEREFORE ORDERED** that Michelin's Opposed Amended Motion for Leave to File Sur-Reply to Plaintiff[s'] Reply in Support of [Their] Motion to Remand for Lack of Personal Jurisdiction [Doc. 28] is **DENIED**.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

---

[1] Plaintiffs previously addressed the forum defendant rule issue on page 10 of the Motion to Dismiss, the fraudulent joinder burden issue on pages 2-3 and 9-10, the warranty issue on pages 4-7, and the Texas law applicability issue on pages 4-6, 7-8, and 11-12. [*See* Docs. 17].

[2] Michelin admits that "[it] addressed [the warranty] issue at length in prior briefing." [Doc. 28-1, p. 2].