IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARC GRANO, as Personal Representative
of the Estate of Rosalva Marin, ELEAZAR
MARIN, AMARA AARON, as Personal
Representative of the Estate of Laura Marin
Zamarippa, and ART BUSTOS, as Personal
Representative of the Estate of Alexis Zamarippa,

        Plaintiffs,

v.                                                                                                            Civ. No. 21-cv-0793 JHR/JFR

MICHELIN NORTH AMERICA, INC., and
DISCOUNT TIRE COMPANY OF NEW
MEXICO, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION TO REMAND

THIS MATTER comes before the Court on Plaintiffs' Motion to Remand [Doc. 17], filed September 9, 2021. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to the undersigned Magistrate Judge to conduct dispositive proceedings in this matter, including entering final judgment. [Doc. 16]. Having thoroughly reviewed the parties' submissions and the applicable law, the Court grants the Motion.

    I.      BACKGROUND

This is a product liability case involving tires. There are four Plaintiffs in this case: husband and wife Eleazar and Rosalva Marin, their daughter Laura Marin Zamarippa, and their grandson Alexis Zamarippa. [Doc. 1-2, p. 3]. Eleazar bought four Michelin tires for his Ford Excursion from Defendant Discount Tire Company of New Mexico, Inc., in Hobbs, New

1

Mexico.[1] [*See id.*]. On July 12, 2021, Laura was driving the vehicle in Gaines County, Texas, with Rosalva and Alexis as passengers. [*Id.*]. Plaintiffs allege that "suddenly and without warning, the front driver side Michelin tire experienced a catastrophic tread separation." [*Id.*, pp. 3-4]. This caused an automobile accident that killed Laura, Rosalva and Alexis. [*Id.*, p. 4].

Plaintiffs[2] filed a complaint in New Mexico state court against Defendants Michelin North America, Inc. and Discount Tire on July 14, 2021 [Doc. 1-1], and an amended complaint on July 24, 2021. [Doc. 1-2]. Defendants removed the case to federal court on August 19, 2021, asserting diversity jurisdiction. [Docs. 1, 9]. Defendants acknowledge that Discount Tire is a citizen of New Mexico but argue that "the plaintiffs fraudulently or improperly joined Discount Tire and the Court should disregard its citizenship for purposes of removal."[3] [Doc. 1, p. 5].

Plaintiffs filed a motion to remand on September 9, 2021, arguing that Defendants are unable to show fraudulent joinder. [Doc. 17]. Defendants responded on September 21, 2021, and Plaintiffs replied on October 5, 2021. [Docs. 21, 22, 25].

**II.     LEGAL STANDARD ON REMOVAL AND FRAUDULENT JOINDER**

Federal courts are courts of limited jurisdiction and there is a presumption against removal jurisdiction. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982);

---

[1] Plaintiffs never alleged the time of the purchase. Defendants presented a 2014 receipt, and Plaintiffs did not controvert this evidence. [*See* Doc. 1-13].

[2] Eleazar is a citizen of Texas. [Doc. 1-2, p. 3]. Laura, Rosalva and Alexis' citizenships are unclear for the purpose of this Motion. Plaintiffs alleged only the citizenship of decedents' personal representatives instead of the decedents themselves. *See* 28 U.S.C. § 1332(c)(2); *Ramirez v. Billy Crews, Inc.*, No. 21-cv-0127 GJF/SMV, 2021 WL 876950, at *1 (D.N.M. Mar. 9, 2021) (A plaintiff who is a personal representative under the New Mexico Wrongful Death Act may be deemed a citizen of the state in which the decedent was a citizen at the time of his death.).

[3] Defendants alternatively argue that complete diversity exists. [Doc. 1, p. 5]. Because Plaintiffs alleged only the citizenship of decedents' personal representatives instead of the decedents themselves, it is unclear whether complete diversity exists. [*See supra* p. 2, n. 2]. Section 1441(b) provides that when removal is based solely on diversity jurisdiction, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Lincoln Property Co. v. Roche*, 456 U.S. 81, 90 (2005). All parties acknowledge that Discount Tire is a citizen of New Mexico; the removal jurisdictional issue turns on whether Discount Tire is "properly joined and served."

*Martin v. Franklin Capital Corp.*, 251 F.3d 1283, 1290 (10th Cir. 2001). Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. *Fajen*, 683 F.2d at 333.

Section 1441(b) provides that, when removal is based solely on diversity jurisdiction, the action otherwise removable "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Lincoln Property Co. v. Roche*, 456 U.S. 81, 90 (2005). This "forum-defendant rule" ignores the citizenship of fraudulently joined defendants. *See McDaniel v. Loya*, 304 F.R.D. 617, 631-32 (D.N.M. 2015); *see also, e.g., Ramirez v. San Miguel Hospital Corp.*, No. 1:21-cv-1080-DHU-SCY, 2022 WL 632841, at *3-5 (D.N.M. March 4, 2022) ("Defendant Greenstone first argues this Court has diversity jurisdiction because in-state Defendants AVRH and Ritchie are fraudulently joined and thus must be disregarded in the Court's assessment of whether diversity exists.").

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)) (modification in original); *see also Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592 at *1 (10th Cir. 2000) ("[T]o prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action

against [the joined party] in state court.") (all but initial modification in original). The court may look beyond the pleadings and consider the entire record in determining whether a party was fraudulently joined. *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir, 2013); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

### III.    ANALYSIS

Even though Discount Tire is a citizen of New Mexico, Defendants argue that it is fraudulent joined and therefore its citizenship should be ignored for the purposes of assessing removal. [*See generally* Doc. 1]. As both sides agree that Discount Tire is a citizen of New Mexico, the issue turns on whether or not Plaintiffs could establish a cause of action against Discount Tire in a New Mexico state court.  *See Dutcher*, 733 F.3d at 988.

From the entire record, it seems that Eleazar bought these Michelin tires from Discount Tire in New Mexico in 2014 and had no further interaction with the tire store. [*See* Doc. 1-13; *see also* Doc. 1-2]. Plaintiffs allege that the tires malfunctioned in 2021, causing the accident in Texas. [*See* Doc. 1-2, pp. 3-4].

The claims against Discount Tire include strict product liability, manufacturing defect, design defect, marketing defect/failure to warn, breach of implied warranty, respondeat superior, and negligence. [Doc. 1-2, pp. 10-17]. Defendants argue that Texas substantive law applies[4] in this case, and under Texas law, a nonmanufacturing merchant like Discount Tire is immune from liability. [*See generally* Doc. 1].

However, Texas' general immunity for nonmanufacturing merchants may not apply to Discount Tire. Even Defendants recognize that there are statutory exceptions to the immunity

---

[4] New Mexico addresses choice-of-law issues by, first, categorizing the claims brought and, second, by applying the choice-of-law rule that applies to that category. *Lopez v. Stanley Black & Decker, Inc.*, 764 F. App'x 703, 709 (10th Cir. 2019) (citing *Terrazas v. Garland & Loman, Inc.*, 2006-NMCA-111, ¶¶ 11-12). Some claims here are torts while the implied warranty claim may be categorized Dounder contract. Texas substantive law thus may not apply to all the claims in this case.

rule. [*See* Doc. 1, p. 8; Doc. 21, p. 8]. Texas' Section 82.003(a)(6) exception permits recovery against nonmanufacturing merchants if "the seller actually knew of a defect to the product at the time the seller supplied the product; and the claimant's harm resulted from the defect." Tex. Civ. Prac. & Rem. Code ¶ 82.003(a)(6); [Doc. 21, p. 9]. In the amended complaint, even though containing mostly boilerplate language, Plaintiffs did allege that "Discount Tire knew, or should have known, about the danger and should have warned its consumers."[5] [Doc. 1-2, p. 13]. The record also reflects that Discount Tire is a tire store and its only relevant interaction with the Plaintiffs was at the time of the purchase. Considering the presumption against removal, the fact that Defendants bear a heavy burden to prove fraudulent joinder, and the principle that all factual and legal issues must be resolved in favor of the Plaintiffs, a court may conclude that Plaintiffs' allegation that "Discount Tire knew. . . about the danger"[6] satisfied the actual knowledge requirement of § 82.003(a)(6). Plaintiffs also alleged that the Michelin tire had one or more defects[7] and their harm was caused by those tire defects.[8] Lastly, Plaintiffs alleged that "Discount Tire knew, or should have known, about the danger" and that "Discount Tire was in a

---

[5] The relevant section in the amended complaint is copied here in full:

> The subject tire, which was designed, manufactured and/or placed into the stream of commerce by Discount Tire, was unreasonably dangerous and defective for intended and foreseeable uses and Discount Tire knew, or should have known, about the danger and should have warned its consumers. Discount Tire was in a position to detect and warn consumers that the subject tire was unreasonably dangerous, but Discount Tire failed to do so. Furthermore, Discount Tire had reason to reasonably expect that users would fail to protect themselves from the dangers.

[Doc. 1-2, p. 13].

[6] Defendants did not cite any authority on point on whether Plaintiffs' allegation that "Discount Tire knew" is sufficient to assert "actual knowledge" satisfying § 82.003(a)(6) for purposes of assessing fraudulent joinder. [*See* Doc. 21, pp. 8-10]. Because Defendants bear the heavy burden to prove fraudulent joinder, and that all factual and legal issues must be resolved in favor of the Plaintiffs, Defendants failed to satisfy their burden on this issue.

[7] "The subject tire . . . was unreasonably dangerous and defective for intended and foreseeable uses." [Doc. 1-2, p. 13].

[8] Plaintiffs allege that the Michelin tire experienced a catastrophic tread separation which caused the accident. [Doc. 1-2, pp. 3-4].

position to detect and warn consumers." [*See* Doc. 1-2, p. 13]. Considering tire stores' frequent experience of selling and not ever checking the same tires again, a court may construe that Plaintiffs alleged that Discount Tire knew the defect "at the time the seller supplied the product." For the above reasons, and again considering Defendants' heavy burden, Defendants failed to show that Plaintiffs cannot establish a cause of action against Discount Tire even under Texas substantive law.[9]

### IV. CONCLUSION

Because of Defendants' heavy burden, the Court hereby:

(1) **finds** that Discount Tire is NOT fraudulently joined;

(2) **grants** Plaintiffs' motion to remand; and

(3) **remands** this case to New Mexico's Fourth Judicial District Court.

Considering the positions of both sides were substantially justified, the Court **denies** the parties' request for fees because Defendants have an objectively reasonable basis for seeking removal.

**SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

---

[9] The parties also present arguments on New Mexico policy. The Court does not reach these arguments because it ruled on other grounds.